Matter of Bommarito (2022 NY Slip Op 03382)





Matter of Bommarito


2022 NY Slip Op 03382


Decided on May 25, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
REINALDO E. RIVERA, JJ.


2020-05400 

[*1]In the Matter of Robert Bommarito, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Robert Bommarito, respondent. (Attorney Registration No. 3905486)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition, both dated July 14, 2020. By decision and order on application of this Court dated December 10, 2020, the issues raised were referred to the Honorable Lance D. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 10, 2001.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Mark E. Goidell, Garden City, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated July 14, 2020, containing seven charges of professional misconduct. The respondent served and filed an answer dated August 21, 2020. The Grievance Committee served and filed a statement of disputed and undisputed facts dated August 25, 2020, to which the respondent filed a response. By decision and order on application of this Court dated December 10, 2020, pursuant to 22 NYCRR 1240.8(b)(1), the issues raised in the statement of disputed and undisputed facts, and the response thereto, as well as any evidence in mitigation and/or aggravation, were referred to the Honorable Lance D. Clarke, as Special Referee, to hear and report. After a hearing on March 3, 2021, the Special Referee submitted a report in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has filed a cross motion to disaffirm the Special Referee's report only to the extent that he challenges the Special Referee's findings as to charge six of the verified petition. The respondent cross-moves to confirm the Special Referee's report in all other respects. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges.
The Petition
At all relevant times herein, the respondent maintained an attorney trust account at Chase Bank, entitled "ROBERT BOMMARITO, P.C., IOLA TRUST ACCOUNT," account number [*2]ending in 0151 (hereinafter the escrow account).
Charges one through five allege that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Chung-Bednar Matter (Charge One)
On or about August 6, 2015, while representing CDC Builder, LLC (hereinafter CDC), in the sale of real property, the respondent deposited into the escrow account a check in the sum of $20,000 received from the buyer, Arlene Chung-Bednar, as a down payment for the property. The respondent was required to maintain those funds until the closing, which occurred on April 14, 2016. Despite this, the balance in the escrow account during this period fell below what the respondent was required to maintain, which included balances of $10,288.26 on February 16, 2016, and $17,239.54 on February 29, 2016.
Taylor Matter (Charge Two)
On or about August 14, 2015, while representing CDC in the sale of real property, the respondent deposited into the escrow account a check in the sum of $28,500 received from the buyer, Carson Taylor, as a down payment for the property. The respondent was required to maintain the down payment funds in the escrow account until on or about February 5, 2016, when the respondent returned the funds to Taylor after the transaction fell through. Despite this, the balance in the escrow account on January 15, 2016, fell to $25,635.36, below what the respondent was required to maintain.
Finegan/Jappell Matter (Charge Three)
On or about February 4, 2016, while representing Nancy Simington in the sale of real property, the respondent deposited into the escrow account a check in the sum of $20,000 received from the buyers, Sharon Finegan and Susan F. Jappell, as a down payment for the property. The respondent was required to maintain those funds until the closing, which occurred on March 31, 2016. Despite this, the balance in the escrow account on February 12, 2016, fell to $10,438.26, below what the respondent was required to maintain.
Gonzalez Matter (Charge Four)
On or about July 21, 2015, while representing CDC in the sale of real property, the respondent deposited into the escrow account a check in the sum of $53,000, received from the buyer, Reina Gonzalez, as a down payment for the property. The respondent was required to maintain the down payment funds in the escrow account until on or about March 22, 2016, when the respondent returned the funds to Gonzalez after the transaction fell through. Despite this, the balance in the escrow account on January 15, 2016, fell to $25,635.36, and on February 12, 2016, fell to $10,438.26, below what the respondent was required to maintain.
Altersons Matter (Charge Five)
On April 29, 2016, while representing Thomas Alterson and Marisa Alterson (hereinafter together the Altersons) in the purchase of real property, the respondent deposited into the escrow account a check in the sum of $12,776.86 issued at the closing to him, as attorney, which sum was due to the Altersons. The respondent was required to maintain those funds until June 6, 2016, when the check he disbursed to the Altersons on May 31, 2016, in connection with the matter cleared the escrow account. Despite this, the balance in the escrow account on May 3, 2016, fell to $11,938.61, below what the respondent was required to maintain.
Charges Six and Seven
Charge six alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct, in that, on March 11, 2016, the respondent deposited $1,120 of funds belonging to him into the escrow account.
Charge seven alleges that based on the factual specifications set forth in charges one through six, the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
Findings and Conclusion
With respect to charge six of the verified petition, contrary to the respondent's contention, the Special Referee's finding that the respondent failed to provide evidence in support of his affirmative defense that his commingling was inadvertent is supported by the record. The charge was properly sustained, as intent is not a required element to prove commingling. In view of the foregoing, and in view of the respondent's admissions and the evidence adduced at the [*3]hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is granted to the extent of confirming so much of the Special Referee's report as sustained charges one through five and charge seven, and is otherwise denied.
In determining an appropriate measure of discipline, the respondent's counsel requests that the Court issue a public censure in view of the evidence of mitigation presented, including, inter alia, the absence of venality; that no client suffered a pecuniary loss; the evidence of his good character; and his unblemished disciplinary record in 20 years of practice. Notwithstanding the aforementioned mitigating factors, the respondent's practice of misusing fiduciary funds he was required to maintain in the escrow account for the benefit of his clients' unrelated matters, which, among other things, included the payment of his legal fees, constitutes serious misconduct. While the respondent contends that the defalcations were not venal in nature, they were nonetheless intentional and caused ongoing and substantial deficiencies in the escrow account.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Fonti, 183 AD3d 17).
LASALLE, P.J., DILLON, DUFFY, BARROS and RIVERA, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to confirm the Special Referee's report is granted; and it is further,
ORDERED that the cross motion of the respondent, Robert Bommarito, is granted to the extent of confirming so much of the Special Referee's report as sustained charges one through five and charge seven, and is otherwise denied; and it is further,
ORDERED that the respondent, Robert Bommarito, is suspended from the practice of law for a period of two years, commencing June 24, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 26, 2023. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Robert Bommarito, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Robert Bommarito, shall desist and refrain from: (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert Bommarito, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court